# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:15CR00018-015 |
| v. | ) OPINION |
| BILLY MARLOW, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Billy Marlow, Defendant Pro Se.*

Defendant Billy Marlow, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which Marlow has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

Marlow pleaded guilty to Count One of his Second Superseding Indictment, which charged him with conspiring to possess with the intent to distribute and distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(c). At Marlow's sentencing hearing on January 3, 2017, the court found that he had possessed a firearm during his offense, which increased his sentencing guideline range. Marlow was sentenced to a term of 216 months imprisonment. Marlow appealed his conviction and sentence, raising the voluntariness of his waiver of his right to appeal in his plea agreement, among other things. The court of appeals

dismissed his appeal after reviewing his plea agreement and plea hearing transcript and determining that he had knowingly and voluntarily waived his right to appeal, and that the other issues he had raised were within the scope of the waiver. *United States v. Marlow*, 695 F. App'x 717, 718 (4th Cir. 2017) (unpublished).

In his § 2255 motion, Marlow argues that the waiver of his right to appeal and collaterally attack his conviction and sentence in his plea agreement is unconstitutional. In support, he cites the Department of Justice ("DOJ")'s 2014 policy ending its requirement that such waivers be included in plea agreements.[1] He also argues that his counsel's assistance was ineffective. He contends that his counsel was ineffective because he allowed Marlow to enter into a plea agreement that waived his right to appeal and collaterally attack, he did not fully advise Marlow of all of the rights that he was waiving in his plea agreement, he advised Marlow that he would not receive a sentencing guidelines enhancement for possessing a firearm, he failed to argue that Marlow had never possessed a firearm, and he failed to attack the credibility of witnesses who testified at Marlow's sentencing.

---

[1] As a heading for this argument, Marlow states, "Plea agreement NOT knowingly and intelligently waived." Mot. Under 28 U.S.C. § 2255, at 4, ECF No. 765. However, he relies solely upon the DOJ policy change and states that "the fact of the plea waiver being knowingly and intelligently waived is irrelevant." *Id.* at 14. To the extent that Marlow does argue that these waivers were not knowing and voluntary, this issue was addressed in his direct appeal, and he may not relitigate it in the present motion. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (declining to consider claims that a § 2255 petitioner had already raised on direct appeal).

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A claim not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, this procedural default rule does not apply to claims of ineffective assistance of counsel. *Id.*

In his direct appeal, Marlow did not raise his claim that the inclusion of a waiver of the right to appeal and collaterally attack in his plea agreement is unconstitutional, and he has not shown cause for failing to do so. Thus, he has procedurally defaulted this argument. Moreover, the argument lacks merit, as such waivers are constitutional regardless of the DOJ's policy change. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (holding that like waivers of the right to appeal, waivers of the right to collaterally attack are permissible so long as they are knowing and voluntary). Accordingly, I turn to Marlow's arguments regarding his counsel's allegedly ineffective assistance.

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. When a defendant challenges a conviction entered after a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

Marlow's claim that his counsel was ineffective because he allowed him to enter into a plea agreement with an allegedly unconstitutional waiver of his right to appeal and collaterally attack fails to satisfy *Strickland's* performance prong. As stated above, these waivers are permissible so long as they are knowing and

voluntary. *Lemaster*, 403 F.3d at 220. Thus, permitting a defendant to enter into an agreement with such waivers is not objectively unreasonable.

As to Marlow's claim of ineffective assistance due to his counsel's alleged failure to advise him of the rights he was waiving in his plea agreement, he fails to satisfy *Strickland's* prejudice prong. "A defendant may be unable to show prejudice if at the Rule 11 proceeding the district court provides an admonishment that corrects the misadvice and the defendant expresses that he understands the admonishment." *United States v. Akinsade*, 686 F.3d 248, 253 (4th Cir. 2012). When Marlow entered his guilty plea, the court conducted a Rule 11 colloquy in which it informed him that pursuant to his plea agreement, he waived his right to appeal and to collaterally attack his sentence; to plead not guilty and proceed to a trial by jury in which he would be presumed innocent; to have the assistance of counsel for his defense at trial; to see, hear, cross-examine, and call witnesses; and to testify or not testify at trial. Marlow stated that he understood that by entering into his plea agreement, he was waiving these rights. Accordingly, Marlow cannot show that he was prejudiced by any failure of his counsel to inform him of these waived rights.

As to Marlow's claim of ineffective assistance due to his counsel's representation that he would not receive a sentencing guidelines enhancement for possessing a firearm, he has failed to satisfy both the performance and prejudice

prongs of *Strickland*. "[A] 'miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" *United States v. Moneymaker*, No. 7:07CR00029-1, 2011 WL 108724, at *5 (W.D. Va. Jan. 13, 2011) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)). Moreover, "if the trial court properly informed [Marlow] of the potential sentence he faced, he could not be prejudiced by any misinformation his counsel allegedly provided him." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). In the Rule 11 plea colloquy, the court informed Marlow that he faced a maximum penalty of 20 years imprisonment and that the court could impose a sentence different from any estimate that his lawyer may have given him, and Marlow stated that he understood.

Lastly, Marlow's claims that his counsel was ineffective because he failed to argue that Marlow did not possess a gun, and to attack the credibility of witnesses who testified at Marlow's sentencing, fail *Strickland's* performance prong. Prior to Marlow's sentencing, his counsel filed a Sentencing Memorandum opposing a sentence enhancement for possessing a firearm and arguing that there was no evidence to support such an enhancement. Counsel reiterated these points at Marlow's sentencing hearing. Moreover, counsel cross-examined each of the three witnesses who testified for the government, including questioning whether they

had actually seen Marlow with a firearm. Counsel also argued that their testimony was not credible. Accordingly, Marlow has failed to show that his counsel's performance was deficient.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: June 6, 2019

/s/ James P. Jones
United States District Judge